UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIDELITY INVESTMENT HOLDINGS, LLC | CIVIL ACTION |
| VERSUS | NO: 12-2942 |
| HOUSING AUTHORITY OF NEW ORLEANS | SECTION: "A" (2) |

**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 16)** filed by

defendant Housing Authority of New Orleans ("HANO"). Plaintiff Fidelity Investment

Holdings, LLC ("Fidelity") opposes the motion. The motion, scheduled for submission on

August 28, 2013, is before the Court on the briefs without oral argument.

Fidelity and HANO entered into a lease for commercial property located on the

Westbank of New Orleans, Louisiana. HANO committed to lease the property from Fidelity

from March 26, 2009, through March 31, 2015. (Rec. Doc. 16-4, Exh. 2 at 1). The lease copy

provided to the Court contains the signature of HANO's general counsel who approved the

lease agreement as to form. (*Id.* at 13). On February 1, 2012, HANO's outside counsel sent a

letter to Fidelity advising that HANO would be vacating the premises on or before April 1,

2012. (Rec. Doc. 16-7, Exh. 5). In that letter HANO informed Fidelity that the lease was void

ab initio because they did not comply with federal procurement regulation 24 C.F.R. § 85.36,

and HANO's own procurement manual. (*Id.*).

Fidelity filed the instant action against HANO contending *inter alia* that HANO left

the vacated premises in unacceptable condition, terminated the lease prior to its termination

date, and failed to pay the rents owed. (Rec. Doc. 1-2 at ¶¶ 19-21). Fidelity seeks to recover

1

not only the past and future rents, charges, and taxes owed (including rent during times of occupancy when HANO allegedly setoff certain expenses and deposits against rent-owed), but also damages arising out of the condition of the property when HANO vacated it.

Via the instant motion HANO moves the Court for summary judgment as to all of Fidelity's claims. HANO's position is that 24 C.F.R. § 85.36(I), which would limit its potential exposure for breach of the lease, must be read into the contract as a term. HANO cites *G.L. Christian & Associates v. United States*, 312 F.2d 418 (Ct. Cl. 1963), for the proposition that a regulation like 24 C.F.R. § 85.36(i) is part of the contract even though it is never expressly mentioned or even alluded to by the contracting parties.[1]

This matter is scheduled for trial to the bench on October 15, 2013.

When the federal government enters into a contract it incurs responsibilities similar to those of a private person who is a party to a contract. *Christian*, 312 F.2d at 423 (*citing Lynch v. United States*, 292 U.S. 571, 579 (1934); *Perry v. United States*, 294 U.S. 330, 352 (1935)). If the government terminates a contract without justification, such termination is a breach of the contract and the government becomes liable for all the damages resulting from the wrongful act. *Id.* The damages recoverable will be those necessary to put the injured party in as good a position pecuniarily as he would have been in if the contract had been completely performed. *Id.* (*citing Miller v. Robertson*, 266 U.S. 243, 257 (1924); *Needles v. United States*, 101 Ct. Cl. 535, 619 (1944)). If the government has wrongfully breached the contract then it is liable for the plaintiff's loss of anticipated profits. *Id.* at 423. If, however, the government has reserved the right to terminate the contract for its convenience then there can be no recovery for loss of anticipated profits. *Id.*

---

[1] The United States Department of Housing and Urban Development ("HUD") took control of HANO pursuant to 42 U.S.C. § 1437d(g) in the late 1990s. HANO remains under federal receivership as of this date. (Rec. Doc. 16-1 at ¶¶ 3-4).

In *Christian, supra*, the contract at issue did not contain a provision expressly authorizing the government to terminate the contract for its convenience. 312 F.2d at 424. But the court in that case concluded that the agency's (Department of Defense) federal regulation pertaining to termination for convenience should be read into the contract because the regulation required that every contract executed by the agency contain such a provision. *Id.* The court was clear, however, that the regulation could only be read into the contract if it did in fact apply to that specific type of contract. *Id.*

In this case, HANO urges the Court to graft HUD regulation 24 C.F.R. § 85.36(i)(2) into the contract. This regulation provides that a grantee's contracts must contain a "[t]ermination for cause and for convenience by the grantee [] including the manner by which it will be effected and the basis for settlement."

Fidelity disputes that the foregoing regulation governs its contract because contracts for the lease of real property are not mentioned in the regulation. The Court agrees that the regulation cannot be read into the contract to the prejudice of Fidelity's rights unless it is clear that the regulation governs the specific type of contract at issue. *Christian, supra*, is clear on that point. HANO has not persuaded the Court at this juncture that the Fidelity contract falls into the scope of HUD regulation 24 C.F.R. § 85.36(i)(2).[2]

Moreover, even if the Court ultimately concludes that the lease agreement falls into the scope of 24 C.F.R. § 85.36(i)(2), the provision may not apply if HANO acted in bad faith in terminating the lease or abused its discretion in terminating the lease. *See T&M Distribs., Inc. v. United States*, 185 F.3d 1279, 1283 (Fed. Cir. 1999). The Court declines to make this

---

[2] HANO attached a copy of its Procurement Handbook in support of its contention that all of its contracts must include all of the requirements listed in 24 C.F.R. § 85.36(i), including the termination for convenience provision. (Rec. Doc. 16-8 Exh. 6-A). The Court fails to appreciate the probative value of this document which apparently HANO's own personnel, including its general counsel, ignored when approving and executing the contract with Fidelity.

fact intensive determination based on the summary judgment record. And 24 C.F.R. § 85.36(i)(2) would not affect Fidelity's claims for damages and back rents. In other words, the complaint is broader in scope than the elements of damages that § 85.36(i)(2) would render void. So even if the Court would have determined on summary judgment that the regulation applies, HANO would not be entitled to the complete dismissal of Fidelity's complaint.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 16)** filed by defendant Housing Authority of New Orleans is **DENIED.**

September 19, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE